UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| StormTrap LLC, | : | |
| Plaintiff, | : | Civil Action No. _____ |
| v. | : | Jury Demand |
| KriStar Enterprises, Inc., | : | |
| Defendant. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, StormTrap LLC ("StormTrap" or "Plaintiff"), by and through its attorneys alleges as follows for its Complaint against the Defendant, KriStar Enterprises, Inc. ("Kristar" or "Defendant"):

## Nature of the Action

1. This is a civil action arising under the Patent Laws of the United States, particularly 35 U.S.C. § 271 *et seq.*, and seeking injunctive relief and damages under 35 U.S.C. §§ 283-285.

## The Parties

2. Plaintiff StormTrap LLC ("StormTrap") is a limited liability company organized and existing under the laws of the State of Illinois, with a principal place of business at 2495 West Bungalow Road, Morris, Illinois 60450.

3. Upon information and belief, Defendant KriStar Enterprises, Inc. ("KriStar") is a corporation organized and existing under the laws of the State of California with a principal place of business at 360 Sutton Place, Santa Rosa, California, 95407.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States. 35 U.S.C. §§1, *et seq*.

5. Upon information and belief, this Court has personal jurisdiction over Kristar for at least the following reasons: (1) KriStar has systematic and continuous contacts with this State by virtue of its existing business relationships with entities located within Tennessee, including for example, Sherman-Dixie Concrete Industries, Inc., which has at least one facility located in this Judicial District and which has entered into a partnership with KriStar to distribute products, designed and/or manufactured by KriStar including, upon information and belief, the Mono-Cube water storage system, and (2) KriStar is doing substantial business in the State of Tennessee.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

## The Patents in Suit

7. The patents in suit relate generally to modules that are used to form assemblies which detain or retain storm water, generally underground.

8. On January 31, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,991,402 (the "'402 patent") entitled "Methods and Modules for an Underground Assembly for Storm Water Retention or Detention." The named inventor of the '402 patent is Philip J. Burkhart. Mr. Burkhart assigned the invention to StormTrap before the '402 patent issued, and the USPTO issued the '402 patent to StormTrap. StormTrap owns all right, title and interest in and to the '402 patent, including the right to sue

and to recover for any current and/or past infringement. A true and correct copy of the '402 patent is attached hereto as Exhibit A.

9. On January 9, 2007, the USPTO duly and legally issued United States Patent No. 7,160,058 (the "'058 patent") entitled "Methods and Module for an Underground Assembly for Storm Water Retention or Detention." The named inventor of the '058 patent is Philip J. Burkhart. Mr. Burkhart assigned the invention to StormTrap before the '058 patent issued, and the USPTO issued the '058 patent to StormTrap. StormTrap owns all right, title and interest in and to the '058 patent, including the right to sue and to recover for any current and/or past infringement. A true and correct copy of the '058 patent is attached hereto as Exhibit B.

10. The USPTO conducted an *inter partes* reexamination of the '058 patent at the behest of Oldcastle Precast, Inc., which filed a Request for *Inter Partes* Reexamination ("Reexamination Request") of claims 1-18 of the '058 Patent with the USPTO on July 1, 2009.

11. During the reexamination of the '058 patent, StormTrap amended claims 16 and 17 of the '058 patent and added new claims 19-26. The USPTO determined that the amended and new claims are patentable and the remaining original claims are also patentable.

12. On February 22, 2011, the USPTO issued Reexamination Certificate US 7,160,058 C1 resulting from the reexamination of the '058 patent. (See Exhibit C).

## Allegations Common to All Counts

13. StormTrap is in the business of providing solutions for underground storm water management. StormTrap's modular design technology allows for on-site assembly or installation of customizable systems which fit all types of job site parameters.

14. StormTrap sells, offers for sale and manufactures, and causes to be manufactured, precast concrete modules which when assembled, and as assembled in a water retention system, fall within the scope of claims 23, 26-27, 29-30 and 36-47 of the '402 patent and claims 8-15

CHI-22661-3                                3
Case 1:13-cv-00353-CLC-WBC   Document 1   Filed 10/16/13   Page 3 of 8   PageID #: 3

of the '058 patent. A modular assembly falling within the scope of the above noted claims provides competitive advantages.

15. Upon information and belief, KriStar offers for sale, manufactures and sells modular water retention/detention systems under the product names Mono-Cube and Cudo Water Storage System.

16. Kristar advertises on its website (www.kristar.com), the Mono-Cube which is described as "a modular structure used to construct underground water storage systems" (See Exhibit D).

17. Kristar advertises on its website (www.kristar.com), the Cudo Water Storage System which is described as "a modular plastic cube used to construct underground water storage systems" (See Exhibit E).

18. Plaintiff and Defendant are competitors in the field of storm water retention/detention systems.

**COUNT ONE**
**(Infringement of the '402 patent)**

19. StormTrap realleges and incorporates herein by reference paragraphs 1 through 18 above.

20. KriStar has infringed and continues to infringe directly and/or indirectly claims 23, 26-27, 29-30 and 36-47 of the '402 patent in violation of 35 U.S.C. § 271 by, for example, making, using, selling, offering for sale and/or importing modular water retention/detention systems under the product names Mono-Cube and/or Cudo Water Storage System referred to above in the United States and in this District.

21. The manufacture, sale, offer for sale, and use of at least the Mono-Cube and/or the Cudo Water Storage System literally and equivalently infringe claims 23, 26-27, 29-30 and 36-47 of the '402 patent.

22. Upon information and belief, Kristar has offered for sale and sold additional underground assemblies for storm water retention or detention using modular construction according to claims 23, 26-27, 29-30 and 36-47 of the '402 patent.

23. KriStar does not have a license or other authority to practice the subject matter claimed by the '402 patent.

24. KriStar has had constructive notice of the '402 patent pursuant to 35 U.S.C. § 287(a).

25. KriStar has had actual notice of the '402 patent since at least on or about April 2011.

26. Upon information and belief, KriStar's infringement of the '402 patent has been and continues to be willful and deliberate, and without regard to Plaintiff's rights in this patent.

27. Unless KriStar is enjoined from infringing the '402 patent, and/or from contributing to the infringement of this patent by others, and/or inducing the infringement of this patent by others, Plaintiff will suffer irreparable injury. Plaintiff has no adequate remedy at law. As is apparent from its conduct to date, KriStar will continue to infringe the '402 patent unless its activities are enjoined by this Court.

28. As a result of Defendant's infringement of the '402 patent, Plaintiff has been and continues to suffer injury to its business and property in an amount to be determined.

## COUNT TWO
### (Infringement of the '058 patent)

29. StormTrap realleges and incorporates herein paragraphs 1 through 28 above.

30. KriStar has infringed and continues to infringe directly and/or indirectly claims 8-15 of the '058 patent as confirmed or allowed by the USPTO during the *inter partes* reexamination in violation of 35 U.S.C. § 271, by, for example, making, using, selling, offering for sale and/or importing modular water retention/detention systems under the product names Mono-Cube and/or the Cudo Water Storage System referred to above in the United States and in this District.

31. The manufacture, sale, offer for sale, and use of at least the Mono-Cube and/or the Cudo Water Storage System literally and equivalently infringe claims 8-15 of the '058 patent as confirmed or allowed by the USPTO during the *inter partes* reexamination.

32. Upon information and belief, Kristar has offered for sale and/or sold additional underground assemblies for storm water retention/detention using modular construction according to claims 8-15 of the '058 patent as confirmed or allowed by the USPTO during the *inter partes* reexamination.

33. KriStar does not have a license or other authority to practice the subject matter claimed by the '058 patent.

34. KriStar has, and has had, constructive notice of the '058 patent pursuant to 35 U.S.C. § 287(a).

35. KriStar has had actual notice of the '058 patent since at least April, 2011.

36. Upon information and belief, KriStar's infringement of the '058 patent has been and continues to be willful and deliberate, and without regard to Plaintiff's rights in this patent.

37. Unless KriStar is enjoined from infringing the '058 patent, and/or from contributing to the infringement of this patent by others, Plaintiff will suffer irreparable injury.

Plaintiff has no adequate remedy at law. As is apparent from its conduct to date, KriStar will continue to infringe the '058 patent unless its activities are enjoined by this Court.

38. As a result of Defendant's infringement of the '058 patent, Plaintiff has been and continues to suffer injury to its business and property in an amount to be determined.

## Jury Trial Demand

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury of all issues so triable.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Judgment that KriStar has infringed the '402 and/or the '058 patents by making, using, selling, offering for sale and/or importing the Mono-Cube and/or the Cudo Water Storage System;

B. Enjoining KriStar, its affiliates, and subsidiaries, and each of their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, from making, using, offering to sell and/or selling within the United States, and/or importing into the United States, any system that infringes, or induces or contributes to the infringement of the '402 and/or the '580 patents prior to its expiration, including any extensions;

C. An award of damages to Plaintiff in an amount adequate to compensate for KriStar's infringement of the '402 patent and the '058 patents, together with interest and costs as fixed by the Court;

D. A declaration that this case is an exceptional case, and award of attorneys' fees pursuant to 35 U.S.C. § 285;

E. An award of enhanced damages for KriStar's willful infringement of the '402 and '058 patents, pursuant to 35 U.S.C. § 284; and

F. Such other relief as this Court deems just and proper.

**HUSCH BLACKWELL, LLP**

/s/ Michael K. Alston
Michael K. Alston (BPR No. 13697)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Email: Michael.Alston@huschblackwell.com
Phone: (423) 755-2651
Fax: (423) 266-5499


Edward D. Manzo (Il Bar No. 03124728)
James B. Conte (Il Bar No. 6226681)
George S. Pavlik (Il Bar No. 6282048)
Yasmin S. Schnayer (Il Bar No. 6300791)
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
Email: Edward.Manzo@huschblackwell.com
Email: James.Conte@huschblackwell.com
Email: George.Pavlik@huschblackwell.com
Email: Yasmin.Schnayer@huschblackwell.com

Attorneys for Plaintiff